IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT VANDERPLOEG, | ) |
| | ) |
| Plaintiff, | ) |
| | )   CIVIL ACTION |
| vs. | ) |
| | )   Case No. |
| SHAVER PROPERTIES L.P. and | ) |
| SHAVER PLAZA PARTNERS, LLC | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, ROBERT VANDERPLOEG, by and through the undersigned counsel, and files this, his Complaint against Defendants, SHAVER PROPERTIES L.P and SHAVER PLAZA PARTNERS, LLC. ("Defendants"), pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.  This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.  Plaintiff, ROBERT VANDERPLOEG (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas (Harris County).

3.  Plaintiff is disabled as defined by the ADA.

4.  Plaintiff is required to traverse in a wheelchair and is substantially limited in

performing one or more major life activities, including but not limited to: walking and standing.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property within six months after it is accessible ("Advocacy Purposes").

7. Defendant, SHAVER PROPERTIES L.P. (hereinafter "SHAVER PROPERTIES L.P"), is a Texas limited partnership that transacts business in the State of Texas and within this judicial district.  It is the owner of parcel 0440190000085 which is a parcel on the Property

8. Defendant, SHAVER PROPERTIES L.P., may be properly served with process for service via its registered agent, to wit:  c/o Shaver Texas, Inc., Mervyn Blieden, Registered Agent, 4635 Southwest Freeway, Suite 950,  Houston, TX  77027.

9. Defendant, SHAVER PLAZA PARTNERS, LLC (hereinafter "SHAVER PLAZA PARTNERS, LLC"), is a Texas limited partnership that transacts business in the State of Texas and within this judicial district.  It is the owner of parcel 0440190000025 which is a parcel on the Property.

10. Defendant, SHAVER PLAZA PARTNERS, may be properly served with process for service via its registered agent, to wit:  c/o Jawad Joe Foty, 825 Town and Country Lane, Suite 1200, Houston TX 77024.

**FACTUAL ALLEGATIONS**

11. On or about September 3, 2020, Plaintiff was a customer at "Supermercado Teloloapan" a business located at 2223 S. Shaver Street, Pasadena, TX 77502, referenced herein as "Supermercado Teloloapan". Attached is a receipt documenting Plaintiff's purchase. *See* Exhibit 1. Also attached is a photograph documenting Plaintiff's visit to the Property. *See* Exhibit 2.

12. On January 28, 2021, Plaintiff was a customer at "Regia Ice Cream" located at 2223 Shaver Street, Suite 107, Pasadena, TX 77502. Attached is a receipt documenting Plaintiff's purchase. *See* Exhibit 3. Also attached is a photograph documenting Plaintiff's visit to the Property. *See* Exhibit 4.

13. Plaintiff lives 12 miles from the Property.

14. Defendant, SHAVER PROPERTIES L.P., is the owner or co-owner of the parcel of land that Supermercado Teloloapan is situated upon and that, in part, comprises the "Property".

15. Defendant, SHAVER PLAZA PARTNERS, LLC, is the owner or co-owner of the parcel of land that Regia Ice Cream is situated upon and that, in part, comprises the "Property".

16. The Property should be considered as one "Site" for purposes of this lawsuit and the ADA.

17. Despite having two parcels, the building on the Property shares a single accessible route to all the stores on the Property.

18. The Property has one parking lot which services both parcels.

19. There is a large sign for the Property which markets stores on both parcels such as Supermercado Teloloapan and Regia Ice Cream (which is called Paleteria Y Neveria on the

sign).

20. The building which crosses both parcels shares the same color scheme, style and architecture across both parcels of the Property.

21. Plaintiff's access to the site and business(es) located 2223 S. Shaver Street, Houston, TX 77502, Harris County Property Appraiser's account number 0440190000085 and 0440190000025 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants, SHAVER PROPERTIES L.P and SHAVER PLAZA PARTNERS, LLC., are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Property, including those set forth in this Complaint.

22. Defendants, SHAVER PROPERTIES L.P and SHAVER PLAZA PARTNERS, LLC., as property owners, are responsible for complying with the ADA for both the exterior portions and interior portions of the Property. Even if there is a lease between Defendants, SHAVER PROPERTIES L.P and/or SHAVER PLAZA PARTNERS, LLC., and the tenant allocating responsibilities for ADA compliance within the unit the tenant operates, that lease is only between the property owner and the tenant and does not abrogate the Defendants' requirement to comply with the ADA for the entire Property it owns, including the interior portions of the Property which are public accommodations. *See* 28 CFR § 36.201(b).

23. Plaintiff has visited the Property at least twice before as a customer and advocate for the disabled. Plaintiff intends on revisiting the Property within six months after the barriers to access detailed in this Complaint are removed and the Property is accessible again. The purpose of the revisit is to be a return customer, to determine if and when the Property is made

accessible and to maintain standing for this lawsuit for Advocacy Purposes.

24. Plaintiff intends on revisiting the Property to purchase goods and/or services as a return customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

25. Plaintiff travelled to the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

26. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

27. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers,

        overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

28.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)     provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv)     invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

29.     The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

30.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

31.     The Property is a public accommodation and service establishment.

32.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to

implement the requirements of the ADA. 28 C.F.R. Part 36.

33. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

34. The Property must be, but is not, in compliance with the ADA and ADAAG.

35. Plaintiff has attempted to, and has to the extent possible, accessed the Property in his capacity as a customer at the Property as well as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

36. Plaintiff intends to visit the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

37. Defendants, SHAVER PROPERTIES L.P. and SHAVER PLAZA PARTNERS, LLC, have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or

accommodations of the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

38. Defendants, SHAVER PROPERTIES L.P. and SHAVER PLAZA PARTNERS, LLC, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, SHAVER PROPERTIES L.P. and SHAVER PLAZA PARTNERS, LLC, are compelled to remove all physical barriers that exist at the Property, including those specifically set forth herein, and make the Property accessible to and usable by Plaintiff and other persons with disabilities.

39. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed, or was made aware of prior to the filing of this Complaint, that precluded and/or limited Plaintiff's access to the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

**BARRIERS TO ACCESS COMMON TO BOTH PARCELS:**

(i) There is an insufficient number of accessible parking spaces in violation of section 208.2 of the 2010 ADAAG Standards. There are a total of 115 parking spaces on the Property requiring at least five (5) accessible parking spaces, but there are only four (4) accessible parking spaces. This violation would make it difficult for Plaintiff to locate available accessible parking.

(ii) There are no accessible parking spaces identified as "van accessible" in violation of sections 208.2.4 and 502.6 of the 2010 ADAAG Standards. This violation would make it more difficult for Plaintiff to find a van accessible parking space.

**BARRIERS TO ACCESS FOUND IN PARCEL 0440190000025:**

(iii) Across the vehicular way from Unit 102, there are two accessible parking spaces that have an access aisle that does not have a minimum width of 60 inches and is therefore in violation of Section 502.3.1 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iv) Across the vehicular way from Unit 102, there are two accessible parking spaces that are missing identification signs in violation of Section 502.6 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to locate an accessible parking space.

(v) Across the vehicular way from Unit 102, there are two accessible parking spaces that are not located on the shortest accessible route from the accessible parking space to the accessible entrances in violation of Section 208.3.1 of the 2010 ADAAG Standards. The closest ramp is located across the vehicular way and in front of a parking space so that when a vehicle parks in this space, the access route to the ramp is blocked. This violation would make it difficult for Plaintiff to access the units of the Property.

(vi) At all units on this parcel have a doorway threshold with a vertical rise in excess of 1 inch in violation of Section 404.2.5 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the interior of the Property.

(vii) The accessible entrances of all units on this parcel lack a level and clear maneuvering clearance in violation of section 404.2.4 of the 2010 ADAAG Standards. This violation would would make it difficult and dangerous for Plaintiff to access the units of the Property.

(viii) As a result of the violations set forth in (iv) and (v) above, not all public accommodation entrances are on an accessible route complying with section 402 and 403 of the 2010 ADAAG Standards. This is a violation of section 206.2.4 and 206.4 of the 2010 ADAAG Standards. This violation would exclude Plaintiff from accessing units because of his disability.

(ix) As a result of the violations set forth in (iv) and (v) above, not all accessible entrances to the tenants in the Property comply with section 404 of the 2010 ADAAG standards in violation of sections 206.4 and 206.4.5 of the 2010 ADAAG standards. This violation would make it difficult and dangerous for Plaintiff to access the units of the Property.

(x) Near Unit 223, the Property has an accessible ramp leading from the accessible parking space to the accessible entrances with a slope exceeding 1:12 in violation of Section 405.2 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xi) Near Unit 223, the slope of the side flares to the accessible ramp exceeds 1:10 in violation of section 406.3 of the 2010 ADAAG Standards. This violation would make it dangerous for Plaintiff to utilize this ramp.

(xii) The Property lacks an accessible route from the public sidewalk to the accessible entrance in violation of Section 206.2.1 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(xiii) On the southern end of the Property, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xiv) On the southern end of the Property, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(xv) On the southern end of the Property, the accessible parking space lacks signage identifying the accessible parking space, this is a violation of section 502.6 of the 2010 ADAAG standards.

(xvi) On the southern end of the Property, the Property has an accessible ramp leading from the accessible parking space to the accessible entrances with a slope exceeding 1:12 in violation of Section 405.2 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xvii) On the southern edge of the Property, the accessible ramp lacks edge protection in violation of section 405.9 of the 2010 ADAAG Standards. This violation made it dangerous for Plaintiff to utilize this ramp.

(xviii) Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**BARRIERS TO ACCESS FOUND IN PARCEL 0440190000085:**

**SUPERMERCADO TELOLOAPA RESTROOMS**

(i) The restrooms lack proper door hardware in violation of Section 404.2.7 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(ii) The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(iii) The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of Section 606.5 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iv) The bottom edge of the mirror in the bathrooms has a height above the finished floor in excess of 40 inches in violation of Section 603.3 of the 2010 ADAAG standards. This violation would make it difficult for the Plaintiff and/or any disabled individual to properly utilize public features of the restroom.

(v) The door exiting the restroom lacks a clear minimum maneuvering clearance, due to the proximity of the door hardware to the adjacent wall, in violation of Section 404.2.4 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

40. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Property.

41. Plaintiff requires an inspection of the Property in order to determine all of the discriminatory conditions present at the Property in violation of the ADA.

42. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

43. All of the violations alleged herein are readily achievable to modify to the Property into compliance with the ADA.

44. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because the nature and cost of the modifications are relatively low.

45. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendants, SHAVER PROPERTIES L.P. and SHAVER PLAZA PARTNERS, LLC, have the financial resources to make the necessary modifications. According to the Property Appraiser, the Appraised value of the Property is collectively $1,230,005.00.

46. The removal of the physical barriers and dangerous conditions present at the Property is also readily achievable because Defendants have available to it a $5,000.00 tax credit and up to a $15,000.00 tax deduction from the IRS for spending money on accessibility modifications.

47. Upon information and good faith belief, the Property has been altered since 2010.

48. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG

standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

49. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, SHAVER PROPERTIES L.P. and SHAVER PLAZA PARTNERS, LLC, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Property, including those alleged herein.

50. Plaintiff's requested relief serves the public interest.

51. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, SHAVER PROPERTIES L.P. and SHAVER PLAZA PARTNERS, LLC. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, SHAVER PROPERTIES L.P. and SHAVER PLAZA PARTNERS, LLC, pursuant to 42 U.S.C. §§ 12188 and 12205.

52. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, SHAVER PROPERTIES L.P. and SHAVER PLAZA PARTNERS, LLC, to modify the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendants, SHAVER PROPERTIES L.P and SHAVER PLAZA PARTNERS, LLC., in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendants, SHAVER PROPERTIES L.P. and SHAVER PLAZA PARTNERS, LLC, from continuing their discriminatory practices;

(c) That the Court issue an Order requiring Defendants, SHAVER PROPERTIES L.P and SHAVER PLAZA PARTNERS, LLC to (i) remove the physical barriers to access and (ii) alter the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: February 5, 2021.

Respectfully submitted,

/s/ Douglas S. Schapiro
Douglas S. Schapiro, Esq.
Southern District of Texas ID No. 3182479
The Schapiro Law Group, P.L
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com